UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Otis Daniels

   v.     Civil No. 08-cv-299-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**O R D E R**

Before the Court is Otis Daniels' petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (requiring initial review to determine whether the petition is facially valid); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se filings by incarcerated persons). As discussed herein, I find that the petition does not at this time make a facially sufficient showing that Daniels is entitled to relief to allow this matter to proceed. I order, therefore, that Daniels amend his petition to demonstrate that it has been timely filed.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

On April 28, 1999, Otis Daniels was convicted of two counts of solicitation to commit murder following a jury trial in the Strafford County Superior Court. Daniels was sentenced to serve 1 – 2 years in prison on the first count, with credit for 167 days for time served prior to trial. On the second count, Daniels was sentenced to 6 – 12 years in prison, with five years of the minimum sentence and all of the maximum sentence suspended. Daniels was also sentenced to five years of probation to commence upon his release from incarceration. If Daniels served the maximum non-suspended portion of his sentence, he would have been released from prison, and begun to serve his term of probation, on or about November 12, 2001.

In 2002, Daniels was convicted for felony sexual assault. Daniels reports that after that conviction, his suspended prison sentence of 5-12 years was imposed. Daniels states that in 2007, he was paroled from that sentence to the sentence he received for his sexual assault convictions.

Daniels claims that after his trial on the solicitation to commit murder charges, his attorney failed to file an appeal and failed to advise Daniels of his right to an appeal.

3

Consequently, Daniels claims that he never filed any appeal of his conviction, either through counsel or pro se, as he was unaware that an appeal was available to him.

On October 3, 2005, Daniels filed a separate habeas petition in this Court challenging his 2002 sexual assault convictions. In that petition, Daniels stated that after his sentencing in January of 2003, he filed a direct appeal of his conviction in the New Hampshire Supreme Court, which affirmed the conviction was affirmed on November 4, 2004.

Daniels filed his petition challenging his solicitation convictions, in this Court, on July 23, 2008, more than nine years after he was convicted.  In his petition here, Daniels raises Fifth, Sixth, and Fourteenth Amendment claims based on the ineffective assistance of his trial counsel and prosecutorial misconduct.  Daniels has not litigated these questions in the State courts, but did request copies of his trial, sentencing, and probation hearing transcripts from the Strafford County Superior Court, which denied that motion.  Daniels then appealed the denial to the New Hampshire Supreme Court, which affirmed the Superior Court's decision.

Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 et seq. (2000), which became effective on April 24, 1996, sets a one-year limitations period for federal habeas petitions by state prisoners.  28 U.S.C. § 2244(d)(1).  AEDPA's one-year limit runs from the time that the State court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  Petitions challenging convictions obtained after the AEDPA's effective date, such as is the case here, are subject to the requirements and limitations of that statute.

Statutory exceptions to the one-year limitations period exist where an untimely filing was caused by the State, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003); 28 U.S.C. § 2244(d)(1)(B)-(D).  The AEDPA further excludes from the one-year limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. §

2244(d)(2). Additionally, the First Circuit has stated that equitable tolling of the AEDPA's limitations period might be available, but "only for the most exceptional reasons." David, 318 F.3d at 346.

As previously noted, Daniels took no direct appeal of his 1999 conviction. Daniels alleges that his failure to appeal was entirely the result of his attorney failing to either file an appeal, or consult with him regarding the possibility of an appeal. The Supreme Court has held that, while "the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal" a constitutional duty to do so arises only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Otega, 528 U.S. 470, 479-80 (2000). Accordingly, while it would have been ideal for Daniels' trial counsel to consult with him about an appeal, the failure to do so does not constitute per se ineffective assistance of counsel. Of course, I make no comment on whether, an examination of the facts and circumstances of this case would

warrant a finding as to whether Daniels' trial counsel was ineffective. However, even a finding that Daniels' counsel was ineffective would not likely constitute an "exceptional reason" to toll the limitations period here, absent a showing that Daniels has diligently pursued relief on his own behalf. See Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005) (finding that attorney negligence is not a basis for equitable tolling, particularly where petitioner cannot establish his own diligence in ascertaining filing deadlines).

It bears noting that Daniels has been aware of his right to appeal since at least early 2003, as evidenced by his appeal from his sexual assault conviction and his appeal from the denial of his motion for transcripts. Daniels commenced this action on July 23, 2008, more than five years after he was clearly aware of his right to take an appeal from a State court conviction. It appears, however, that in that time, Daniels has never attempted to litigate the question of the effectiveness of his trial counsel, or file a late appeal challenging his conviction, in the State courts. Daniels' lack of diligence is not remediable by equitable tolling. See Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004); Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir.

2002) ("[i]gnorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely [habeas] filing."); Cordle, 428 F.3d at 49 (finding that petitioner's failure to pursue her habeas rights for more than eight years was not excused by her asserted lack of knowledge of the law and filing deadlines).  To demonstrate that this petition is timely filed, Daniels must at least explain why, in the nine years since his conviction, and especially in the five and a half years since taking an appeal of his sexual assault convictions, he never attempted to file a late appeal of his solicitation convictions or seek a new trial in that case based on his counsel's ineffectiveness in the State courts.  In addition to reciting the reasons and circumstances for failing to pursue post-conviction relief in the State courts, Daniels must explain why those circumstances are so extraordinary so as to warrant the equitable tolling of the limitations period in this case.

There is no indication or reason to suspect that the transcript litigation Daniels pursued in the State courts spanned sufficient time between his conviction and his filing here to sufficiently toll the statute of limitations to render this petition timely, or that any of the other statutory exclusions

for the limitations period would apply here.  Therefore, this petition does not demonstrate on its face, that petitioner is entitled to relief.  However, in an abundance of care to protect Daniels' rights, I will not at this time recommend that the petition be dismissed as time-barred.  Instead, I will provide Daniels with the opportunity to amend his petition to show cause why this action should not be dismissed as untimely.

## Conclusion

   Daniels is ordered to amend his petition within thirty days of the date of this Order to demonstrate why it should not be denied as untimely.  Should Daniels make such a showing, I will conduct the preliminary review of his petition at that time.  Should Daniels fail to demonstrate the timeliness of his petition within the time frame provided, I will recommend that this petition be dismissed.

   **SO ORDERED.**

                                   _____
                                   James R. Muirhead
                                   United States Magistrate Judge

Date:     October 22, 2008

cc:       Otis Daniels, pro se