UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Otis Daniels

    v.                                      Civil No. 08-cv-299-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

    Otis Daniels filed a petition for a writ of habeas corpus (document no. 1) on July 23, 2008. The matter came before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (requiring initial review to determine whether the petition is facially valid); United States District Court District of New Hampshire Local Rule 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se filings by incarcerated persons). On October 22, 2008, I directed Daniels to amend his petition to demonstrate why his petition should not be dismissed as untimely (document no. 3). Daniels has now filed a motion to amend his petition (document no. 5) in response to my October 22 Order.

Daniels was specifically instructed to explain why he has never filed an appeal of his 1999 criminal conviction, despite his awareness of his right to such an appeal since at least 2003. Daniels was also instructed to explain why he has never filed a motion for a new trial or state habeas action challenging the allegedly ineffective assistance of his trial counsel.  By way of explanation, Daniels offers only that the proof of his assertions are to be found in his trial and sentencing transcripts, and that he has been denied access to those transcripts in the state courts.  This is insufficient to demonstrate why, however, he has been unable to initiate an appeal in the New Hampshire Supreme Court, or seek permission to file a late appeal therein, or why he has not been able to, without transcripts, allege the deficiencies in his trial and trial counsel's performance to the state courts.  It is typical for notices of appeal to be filed in the New Hampshire Supreme Court, and post-conviction challenges to a trial to be filed in the Superior Court, prior to the preparation of a trial transcript, even if the preparation of a transcript is necessary to ultimately prove the assertions made in the appeal or post-conviction motions.  The denial of a pre-appeal or pre-motion transcript, therefore, does not suffice to

excuse the untimely filing of the federal habeas petition here. For these reasons, and as explained in my October 22 Order, I recommend that this petition be dismissed as untimely filed.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   January 8, 2009

cc:     Otis Daniels, pro se